Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003479
04-MAY-2015
08:16 AM

NO. CAAP-13-0003479

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICHARD C. REILLY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-13-00739)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Richard C. Reilly (Reilly) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on August 20, 2013 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Reilly was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(4) (Supp. 2014).[2]

On appeal, Reilly contends the District Court erred by denying his Motion to Suppress because (1) he was not provided

---

[1]    The Honorable David W. Lo presided.

[2]    HRS § 291E-61(a) states:

    §291E-61  Operating a vehicle under the influence of an intoxicant.  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    . . . .

        (4)    With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

with a <u>Miranda</u>[3] warning when asked if he would submit to a breath, blood, or urine test, (2) he was specifically advised that he had no right to an attorney, in violation of HRS § 803-9 (2014), and (3) a blood sample was taken without a warrant, without an exception to the warrant requirement, in violation of his Fourth Amendment rights and <u>Missouri v. McNeely</u>, — U.S. —, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013), and the blood sample was taken without valid consent.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Reilly's points of error as follows:

(1) A <u>Miranda</u> warning was not required to be given to Reilly before determining whether he would submit to a breath, blood, or urine test. <u>State v. Won</u>, 134 Hawai'i 59, 72-74, 332 P.3d 661, 674-76 (App. 2014), cert. granted, 2014 WL 2881259 (Jun. 24, 2014) (<u>Miranda</u> rights not implicated or violated by the police in presenting implied consent form to determine if arrestee will submit to testing).

(2) Reilly was not improperly advised when he was told that he was not entitled to an attorney, in violation of HRS § 803-9. <u>Id.</u> at 74, 332 P.3d at 676.

(3) Reilly's reliance on <u>McNeely</u> is misplaced because <u>McNeely</u> resolved "a split of authority on the question whether the natural dissipation of alcohol in the bloodstream establishes a *per se* exigency that suffices on its own to justify an exception to the warrant requirement for <u>nonconsensual</u> blood testing in drunk-driving investigations." <u>McNeely</u>, 133 S. Ct. at 1558 (emphasis added). In this case, Reilly consented to take a blood test. However, Reilly contends that his consent was coerced due to the language of the implied consent form which he signed, and therefore, his consent was invalid. Reilly claims the following specific language in the consent form was coercive:

---

[3]     <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

2

> However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

Pursuant to HRS § 291E-15 (Supp. 2014), if a defendant refuses to submit to a breath, blood, or urine test, they must be advised of the statutory consequences in HRS § 291E-41, 291E-65, 291E-68, and if the person still refuses, that sanctions under HRS Chapter 291E part III or HRS § 291E-65 may apply. However, no statute prohibits the police from informing a defendant of the statutory consequences of refusing to consent to a breath, blood, or urine test prior to a defendant's refusal to consent to such a test. The warning is not coercive because it informs a defendant that he or she shall be subject "up to" 30 days imprisonment and/or a $1,000 fine. In addition, such penalties can only be imposed "if applicable." Thus, the warning does not suggest that imprisonment and/or a fine is automatic upon refusal to consent. Reilly consented to provide a blood sample, thus, McNeely is inapplicable and his Fourth Amendment rights were not violated.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on August 20, 2013 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, May 4, 2015.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Robert T. Nakatsuji,
Deputy Solicitor General,
for *Amicus Curiae* Attorney
General of the State of
Hawai'i.

Presiding Judge

Associate Judge

Associate Judge

3